[Cite as *Cole v. State Med. Bd.*, 2026-Ohio-2502.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

James C. Cole, M.D.,                          :

    Appellant-Appellant,            :

                                    No. 25AP-948

v.                                            :     (C.P.C. No. 25CV-2675)

State Medical Board of Ohio,                  :     (REGULAR CALENDAR)

    Appellee-Appellee.              :

---

D E C I S I O N

Rendered on June 30, 2026

---

**On brief:** *James C. Cole, M.D.*, pro se.

**On brief:** [*Andy Wilson*], Attorney General, *Michael J. Seidensticker*, and *D. Grant Wilson*, for appellee. **Argued:** *Michael J. Seidensticker*.

---

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Appellant, James C. Cole, M.D., appeals from the November 10, 2025 judgment of the Franklin County Court of Common Pleas affirming an order of appellee, State Medical Board of Ohio ("Board" or "Ohio Board"), imposing a non-permanent revocation of Dr. Cole's license to practice medicine in Ohio. For the following reasons, we affirm.

## I.    FACTS AND PROCEDURAL OVERVIEW

{¶ 2} Dr. Cole is an anesthesiologist currently licensed to practice medicine in multiple states, including Ohio, Florida, Alaska, and Hawaii. In a July 10, 2024 letter, the Ohio Board notified Dr. Cole that it intended to take disciplinary action against him pursuant to R.C. 4731.22(B)(22) based on a prior Florida disciplinary action. Specifically, the Ohio Board alleged Dr. Cole had entered into a consent agreement and order, effective

May 6, 2024, with the Florida State Board of Medicine ("Florida Board") wherein the Florida Board reprimanded Dr. Cole and permanently restricted Dr. Cole from prescribing, ordering, and/or delegating the prescribing or ordering of any controlled substances listed in Schedules I through IV (the "Florida Final Order")[1]—with the exception, we note, that Dr. Cole may administer such controlled substances in his capacity as an anesthesiologist.[2] This discipline stemmed from Dr. Cole's treatment of five patients for chronic pain between 2008 and 2012 in Florida.  The Florida Board alleged Dr. Cole failed to keep complete medication records, failed to develop treatment plans, inappropriately prescribed narcotics and other controlled substances, failed to adequately monitor his patients' use of the medications, failed to perform physical examinations, and failed to consult with specialists. Dr. Cole made no admissions or denials of these allegations but nonetheless entered into the consent agreement and order.

{¶ 3}  Dr. Cole requested and received an adjudicatory hearing on the Ohio Board's notice. After the hearing, the presiding hearing examiner issued a report and recommendation on January 17, 2025 in which she concluded the evidence submitted at the hearing proved Dr. Cole had entered into the Florida Final Order.  The hearing examiner noted the Florida disciplinary action involved conduct that occurred between 2008 and 2012, was commenced through a complaint filed in 2017, and was resolved in 2024. The hearing examiner observed that Dr. Cole has been practicing as an anesthesiologist without any other licensure actions and opined that "a suspension or revocation does not appear necessary to protect the public" since "the conduct underlying the Florida Final Order took place more than a decade ago."  (Jan. 17, 2025 Report and Recommendation at 4.)  Thus, although finding Dr. Cole's conduct warranted discipline under R.C. 4731.22(B)(22), the hearing examiner recommended the Ohio Board "reprimand Dr. Cole, permanently restrict his ability to prescribe controlled substances except in his capacity as an anesthesiologist, and place him on probation for at least one year during which he will be required to complete a medical records course and keep the

---

[1] The Florida Final Order also fined Dr. Cole $25,000, assessed costs of $15,711.88, and required him to take courses in risk management and medical record keeping.

[2] The Ohio Board's July 10, 2024 notice letter did not state that the Florida Final Order allowed Dr. Cole to administer controlled substances in his capacity as an anesthesiologist while prohibiting him from utilizing them in any other setting.  (*See* Jan. 17, 2025 Report and Recommendation at 4.)

[Ohio] Board informed of any other board's actions or any changes to the Florida Final Order." (Jan. 17, 2025 Report and Recommendation at 4.)

{¶ 4} The Ohio Board heard Dr. Cole's matter at its February 12, 2025 public meeting. Neither Dr. Cole nor an attorney representing him were present. Following comments by an assistant attorney general, the Ohio Board expressed concerns about Dr. Cole's continued refusal to accept responsibility or to admit he did anything wrong. (*See* Feb. 12, 2025 Board Meeting Minutes at 5-6.) The Ohio Board also observed that the allegations in the Florida case implied Dr. Cole "had been operating a practice similar to a pill mill" which, if true, would have likely resulted in more severe terms had the Ohio Board "been able to conduct an investigation" given the Ohio Board's history with prescribing cases in Ohio. (*See* Feb. 12, 2025 Board Meeting Minutes at 5-6.) Notably, after learning of the Florida Board's complaint against Dr. Cole in 2017, the Ohio Board opened an investigation into Dr. Cole's treatment of the five Florida patients in 2019. (*See* Sept. 25, 2024 Hrg. Tr. at 8, 21-23.) However, because it was "very difficult to investigate out-of-state care for various legal reasons," the Ohio Board decided to wait for the Florida Board to complete its investigation before determining whether to take action against Dr. Cole in Ohio. (*See* Feb. 12, 2025 Board Meeting Minutes at 5.) Ultimately, the Ohio Board found the Florida Final Order offered little detail on the actual treatment provided by Dr. Cole, such that more information was needed in this case. (*See* Feb. 12, 2025 Board Meeting Minutes at 6-7.) As such, the Ohio Board voted to amend the hearing examiner's proposed order to non-permanently revoke Dr. Cole's license so "Dr. Cole would be able to reapply for another license, which would likely trigger another hearing and give Dr. Cole an opportunity to come forward with facts and make a case as to why he should be granted another license in Ohio." (*See* Feb. 12, 2025 Board Meeting Minutes at 6-7.) Accordingly, the Ohio Board entered an order on February 25, 2025 approving and confirming the hearing examiner's findings of fact and conclusions of law with the modification that Dr. Cole's license to practice medicine and surgery in the State of Ohio be non-permanently revoked.

{¶ 5}    It is undisputed Dr. Cole was served with the February 25, 2025 order on March 17, 2025.[3]  Pursuant to R.C. 119.12(D), Dr. Cole was required to file notices of appeal with the Ohio Board and the court of common pleas within 15 days after he received notice of the Board's order—i.e., by April 1, 2025.

{¶ 6}    On March 27, 2025, Dr. Cole sent the following e-mail to the Ohio Board:

| | |
|---|---|
| **From:** | J C via RPost <rmail@r1.rpost.net> |
| **Sent:** | Thursday, March 27, 2025 8:17 PM |
| **To:** | legal@med.ohio.gov |
| **Subject:** | Registered: Notice of Appeal RE: Case No. 24-CRF-0217 |
| **Categories:** | Red Category |

You don't often get email from rmail@r1.rpost.net. Learn why this is important

**REGISTERED EMAIL" | CERTIFIED DELIVERY**

This is a Registered Email" message from J C. Your reply will be returned as a Registered Email message.

| | |
|---|---|
| Medical Board of Ohio | Court of Common Pleas of Franklin County |
| 30 E. Broad St., 3rd Floor | In the Process of Electronic Filing |
| Columbus, Ohio 43215 | |

Notice of Appeal

RE: Case No. 24-CRF-0217

Entry of Order received March 17 2025

Reason for Appeal: The agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law.

James Charles Cole MD

esignature

(Apr. 18, 2025 Mot. to Dismiss, Ex. C.)

---

[3] The Ohio Board attempted to serve Dr. Cole with the order on February 25, 2025, but was unsuccessful due to a transposition error by the Board in inputting his email address.

{¶ 7}    Six days later, on April 2, 2025, Dr. Cole filed the following notice of appeal with the Franklin County Court of Common Pleas:

0H252 - 026 Franklin County Ohio Clerk of Courts of the Common Pleas- 2025 Apr 02 11:27 AM-25CV002675

NOTICE OF APPEAL

IN THE FRANKLIN COUNTY COMMON PLEAS COURT

James Cole MD

1081 Ocean Drive

Juno Beach, FL 33408

Plaintiff

vs.

State Medical Board of Ohio

30 E. Broad St., 3rd Floor

Columbus, Ohio 43215

Defendant

COMPLAINT

Appeal Entry of Order          RE: Case No. 24-CRF-0217

James Cole, Plaintiff herein states:

1.  IN THE MATTER OF James Charles Cole, M.D. CASE NUMBER 24-CRF-021 7 ENTRY OF ORDER before the State Medical Board of Ohio on February 12, 2025.

2.  The agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law.

3.  Plaintiff hereby requests to appeal the entry of order under **R.C. 119.12**.

4.  Motion to Stay the Order: Plaintiff hereby requests a to file a Motion to Stay pending the outcome of the appeal.

James Cole

{¶ 8}  The Ohio Board moved to dismiss Dr. Cole's administrative appeal, arguing the trial court lacked subject-matter jurisdiction over the case.  Specifically, the Board contended Dr. Cole did not timely file his notices of appeal with the Board ***and*** the court, as his notice of appeal was filed with the trial court one day after the 15-day appeal period prescribed in R.C. 119.12(D) expired.  The Board also posited that because the notice of appeal filed with the trial court was not "the original notice or a copy of the original notice" filed with the Board on March 27, 2025, as required by R.C. 119.12(D), Dr. Cole failed to properly commence his administrative appeal of the February 25, 2025 order.

{¶ 9}  On November 10, 2025, the trial court entered judgment granting the Board's motion to dismiss for failure to comply with the requirements necessary to invoke the jurisdiction of the common pleas court over an administrative appeal, as required by R.C. 119.12(D).  Specifically, the trial court found Dr. Cole timely filed an e-mail notice of appeal with the Board but submitted a ***different*** notice with the trial court, which may or may not have been timely under R.C. 119.12(D).  Observing that this court has consistently required strict compliance with R.C. 119.12 to invoke the common pleas court's jurisdiction over an administrative appeal, the trial court found Dr. Cole's notice was insufficient because he failed to file identical notices of appeal with the Board and the trial court.  (*See* Nov. 10, 2025 Order and Entry, citing *Legleiter v. State*, 2012-Ohio-5668 (10th Dist.) (holding notices of appeal filed with the administrative agency and the common pleas court must be identical in order to invoke the common pleas court's jurisdiction).)

{¶ 10}  Dr. Cole has timely appealed from that judgment and asserts the following four assignments of error for our review:

> [I.] THE TRIAL COURT ERRED IN DISMISSING THE ADMINISTRATIVE APPEAL FOR LACK OF JURISDICTION BASED ON IMMATERIAL DIFFERENCES BETWEEN THE NOTICE OF APPEAL FILED WITH THE AGENCY AND THE NOTICE OF APPEAL FILED WITH THE COURT, IN CONTRAVENTION OF R.C. 119.12(D) AND CONTROLLING PRECEDENT OF THE TENTH DISTRICT COURT OF APPEALS.
>
> [II.] THE TRIAL COURT ERRED BY FAILING TO CONSTRUE R.C. 119.12 LIBERALLY IN FAVOR OF PRESERVING [DR. COLE'S] RIGHT TO APPEAL, CONTRARY TO THE REMEDIAL PURPOSE OF THE

STATUTE AND BINDING OHIO SUPREME COURT PRECEDENT.

[III.] THE TRIAL COURT ERRED BY TREATING CLERK-GENERATED AND SYSTEM-INDUCED FORMATTING DIFFERENCES AS JURISDICTIONAL DEFECTS, EVEN THOUGH AN APPELLANT CANNOT BE PENALIZED FOR VARIATIONS CREATED BY THE COURT'S OWN E-FILING AND SERVICE PROCESSES.

[IV.] THE TRIAL COURT ERRED BY DISMISSING THE APPEAL BASED SOLELY ON ALLEGED NON-IDENTICAL NOTICES OF APPEAL, DESPITE THE BOARD'S UNDISPUTED RECEIPT OF TIMELY ACTUAL NOTICE AND COMPLETE LACK OF PREJUDICE—CONTRARY TO CONTROLLING PRECEDENT REQUIRING PREJUDICE BEFORE IMPOSING JURISDICTIONAL DISMISSAL FOR TECHNICAL DIFFERENCES.

{¶ 11} As an initial matter, we address Dr. Cole's failure to file a brief conforming to the Ohio Rules of Appellate Procedure. "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Lundeen v. State Med. Bd. of Ohio*, 2013-Ohio-112, ¶ 16 (10th Dist.), citing *State ex rel. Petro v. Gold*, 2006-Ohio-943, ¶ 51 (10th Dist.), citing App.R. 9 and 16(A)(7). App.R. 16(A)(7) mandates that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Under App.R. 12(A)(2), we are permitted to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *See also* App.R. 12(A)(1)(b) (requiring appellate courts to "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16"). " 'It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error.' " *Cook v. Ohio Dept. of Job & Family Servs.*, 2015-Ohio-4966, ¶ 40 (10th Dist.), quoting *Bond v. Canal Winchester*, 2008-Ohio-945, ¶ 16 (10th Dist.). Thus, "[i]f an argument exists supporting an assignment of error, 'it is not this court's duty to root it out.' " *Reid v. Plainsboro Partners, III*, 2010-Ohio-4373, ¶ 22 (10th Dist.), quoting *State v. Breckenridge*, 2009-

Ohio-3620, ¶ 10 (10th Dist.), citing *Whitehall v. Ruckman*, 2007-Ohio-6780, ¶ 20 (10th Dist.).

{¶ 12} Here, Dr. Cole's brief fails in several respects. Most glaringly, Dr. Cole failed to argue his four assignments of error separately in his brief. Although the list of his four assignments of error is lengthy and contains some argument within each individual assignment of error, the argument section of his brief is contained in one continuous section—captioned as "Summary of the Argument"—with no indication of which argument is offered in support of each individual assignment of error. Further, Dr. Cole's brief lacks appropriate citations to the record and contains assertions about the adequacy of his notices of appeal that are not supported by actual citations to any legal authority. Ultimately, Dr. Cole has not provided any cognizable argument or legal authority that would support reversal of the trial court's November 10, 2025 judgment.

{¶ 13} While Dr. Cole's brief does contain arguments, "this court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 2010-Ohio-553, ¶ 70 (10th Dist.), citing *In re Estate of Taris*, 2005-Ohio-1516, ¶ 5 (10th Dist.). Based on Dr. Cole's non-compliance with App.R. 16(A)(7) and 12(A)(2), we could disregard and summarily overrule his assignments of error. *See*, *e.g.*, *Angus v. Angus*, 2015-Ohio-2538, ¶ 10 (10th Dist.), citing *CitiMortgage, Inc. v. Asamoah*, 2012-Ohio-4422, ¶ 5 (10th Dist.); *Tonti v. Tonti*, 2007-Ohio-2658, ¶ 2 (10th Dist.). "Many times, however, appellate courts instead review the appealed judgment using the appellants' arguments in the interest of serving justice." *Angus* at ¶ 10. That said, if we "cannot understand an appellant's arguments, [we] cannot grant relief." *Id.*, citing *State v. Dunlap*, 2005-Ohio-6754, ¶ 10 (10th Dist.). And, while we "will construe pro se filings generously, appellate courts cannot construct legal arguments for an appellant." *Id.*, citing *Williams v. Barrick*, 2008-Ohio-4592, ¶ 24 (10th Dist.), and *Miller v. Johnson & Angelo*, 2002-Ohio-3681, ¶ 2 (10th Dist.).

{¶ 14} Notwithstanding the deficiencies in Dr. Cole's brief, in the interest of justice, we will review the propriety of the trial court's dismissal of his administrative appeal for lack of subject-matter jurisdiction.

## II. ANALYSIS

{¶ 15} At issue here is whether the trial court had subject-matter jurisdiction over Dr. Cole's administrative appeal from the Ohio Board's February 25, 2025 order imposing

a non-permanent revocation of his license to practice medicine and surgery in Ohio. For the reasons that follow, we find the trial court correctly determined it did not.

### A. Controlling Legal Standards

{¶ 16} Subject-matter jurisdiction refers to a court's power to entertain and decide a particular class of cases on the merits.[4] *State v. Harper*, 2020-Ohio-2913, ¶ 23; *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). Because a court is powerless to hear a case without subject-matter jurisdiction, " '[a] court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.' " *Corder v. Ohio Edison Co.*, 2020-Ohio-5220, ¶ 14, quoting *Kuchta* at ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id.* at ¶ 14, quoting *Harper* at ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed. 2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts."). Simply put, the existence of subject-matter jurisdiction is a " ' "condition precedent to [any] court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." ' " *Harper* at ¶ 23, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998).

{¶ 17} An appellate court reviews the issue of subject-matter jurisdiction de novo. *Hulbert v. Buehrer*, 2017-Ohio-844, ¶ 12 (10th Dist.), quoting *Klosterman v. Turnkey-Ohio, L.L.C.*, 2009-Ohio-2508, ¶ 19 (10th Dist.). *See also Pointer v. Smith*, 2021-Ohio-2247, ¶ 8 (10th Dist.), citing *Pankey v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2907, ¶ 7 (10th Dist.). De novo review requires an appellate court to independently review the trial court's decision without any deference to the trial court's determinations. *See, e.g., Dunlop v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-1378, ¶ 4 (10th Dist.); *Temethy v. Ohio Dept. of Job & Family Servs.*, 2026-Ohio-930, ¶ 9 (8th Dist.).

---

[4] In comparison, "[a] court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Kuchta* at ¶ 19, citing *Pratts* at ¶ 12. Unlike subject-matter jurisdiction, jurisdiction over a particular case involves consideration of the rights of the parties. *Id.* at ¶ 19. "Personal jurisdiction" refers to a court's power to render a valid judgment against a particular individual. *See, e.g., State v. Henderson*, 2020-Ohio-4784, ¶ 36.

### B.  Administrative Appeal Jurisdiction - R.C. 119.12(D)

{¶ 18}  R.C. 119.12(D) provides, in relevant part, as follows:

> Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. . . . The notice of appeal shall also be filed by the appellant with the court. In filing a notice of appeal with the agency or court, the notice that is filed may be either the original notice or a copy of the original notice. Unless otherwise provided by law relating to a particular agency, ***notices of appeal shall be filed within fifteen days after the service of the notice of the agency's order*** as provided in section 119.05 of the Revised Code.

(Emphasis added.)

{¶ 19}  "In administrative appeals from orders of agencies, the Supreme Court of Ohio has consistently held that failure to comply with the time requirements for filing a notice of appeal deprives the common pleas court of jurisdiction and is fatal to the appeal." *Jones v. Ohio Motor Vehicle Dealers Bd.*, 2013-Ohio-1212, ¶ 8 (10th Dist.), citing *Sun Refining & Marketing Co. v. Brennan*, 31 Ohio St.3d 306, 307 (1987) (further citations omitted).  Failure to meet the filing deadline set forth in R.C. 119.12 "will result in dismissal of the untimely appeal, as it precludes jurisdiction in the trial court." *Austin v. Ohio FAIR Plan Underwriting Assn.*, 2011-Ohio-2050, ¶ 6 (10th Dist.), citing *Thompson & Ward Leasing Co., Inc. v. Ohio State Bur. of Motor Vehicles*, 2008-Ohio-3101, ¶ 10 (10th Dist.). "There is no question that a party must comply strictly with the filing requirements prescribed in R.C. 119.12 and that these requirements are jurisdictional.  Both the Supreme Court of Ohio and this court have stated repeatedly that failure to comply with these requirements deprives the trial court of jurisdiction."  (Internal citations omitted.)  *L & F Tavern, Inc. v. Ohio Liquor Control Comm.*, 2010-Ohio-1025, ¶ 16 (10th Dist.).

{¶ 20}  On review of the record before us, we find the trial court did not err in dismissing Dr. Cole's administrative appeal for lack of subject-matter jurisdiction. Dr. Cole's failure to file a timely notice of appeal with both the Ohio Board ***and*** the trial court is fatal to his administrative appeal.  As explained above, R.C. 119.12(D) required Dr. Cole to file his notices of appeal by April 1, 2025; he filed his notice with the Board on March 27, 2025 (timely) and the trial court on April 2, 2025 (untimely).

{¶ 21} Moreover, based on the principles of stare decisis, Dr. Cole's failure to file identical notices of appeal with the Board and the trial court is likewise fatal to his attempt at invoking the trial court's jurisdiction over his administrative appeal. "Stare decisis is a cornerstone of our legal system," *Webster v. Reproductive Health Servs.*, 492 U.S. 490, 518 (1989), that "compels a court to recognize and follow an established legal decision in subsequent cases in which the same question of law is at issue," *State v. Henderson*, 2020-Ohio-4784, ¶ 28.

{¶ 22} As recognized by the trial court in this case, we have previously construed R.C. 119.12(D) as ***requiring*** the notice of appeal filed with an administrative agency and the notice of appeal filed with the common pleas court to be ***identical*** documents. *Legleiter*, 2012-Ohio-5668, at ¶ 15-17 (10th Dist.). It is undisputed that Dr. Cole failed to file two identical documents. On appeal, Dr. Cole provides no compelling reason for us to depart from that precedent. In the absence of such argument, we are duty bound to follow this court's controlling legal precedent. As such, we find the trial court properly dismissed Dr. Cole's administrative appeal for lack of subject-matter jurisdiction.

{¶ 23} Based on the foregoing, we overrule Dr. Cole's four assignments of error, each of which concern the trial court's dismissal for lack of subject-matter jurisdiction.

## III. CONCLUSION

{¶ 24} Having overruled Dr. Cole's four assignments of error, we affirm the November 10, 2025 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.